## PORTER KING vs. JOHN WATSOM,

IN COURT OF APPEALS, AUSTIN TERM, 1884.

The damages recoverable upon the breach of contract are such as may fairly and reasonably be considered either arising naturally, i.e. according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time the contract was made.

While the plaintiff was entitled to recover nominal damages, it was not error to sustain a demurrer to the petition, because the other damages claimed being such as were not recoverable, could not be considered in determining the amount in controversy and the trial court had no jurisdiction of the nominal damages.

Appeal from Tarrant county.

Furman, Steadman & Capps, for appellant.

Ball & WcCart, for appellee.

Appellants petition in substance alleged :

1. That he made a contract with defendant to thresh his small grain in consideration of the usual toll.

2. That by the terms of said contract plaintiff was to furnish hands, prepare said grain for threshing and otherwise comply with the custom of the coantry.

3. That defendant promised to notify plaintiff beforehand of the day on which they would thresh said grain. .

4. That defendant on the 24th day of June notified plaintiff that they would do said threshing on the 4th day of July next thereafter.

5. That plaintiff thereupon caused his small grain to be hauled and stacked preperatory to being threshed and that the same was sound and in good condition, ready for threshing on the 4th day of July.

6. That defendant failed and refused to perform their said contract in *toto* though repeatedly requested by plaintiff to do so.

7. That thereupon plaintiff used every exertion to get others to thresh the grain, but owing to the lateness of the season, could not get it threshed until in September.

8. That in consequence of the breach of said contract by defendant and without fault or negligence on the part of plaintiff said grain remained exposed to the weather from July to September, whereby it was damaged, setting out specifically the damage, aggregating the sum of $350.

A general demurrer to the petition was sustained and plaintiffs declining to amend, the suit was dismissed.

We gather from the briefs of counsel that the demurrer was sustained upon the ground that the damages claimed were not of a character recoverable upon a breach of contract, that is, that the alleged damage to the grain, caused by exposure to the weather, was not the direct, natural, proximate result of the breach of contract and was not such as could reasonably be supposed to have entered into the contemplation of the parties when making the contract, but that on the contrary the damages claimed are uncertain, remote, speculative and contingent.

In the leading English case upon this subject, Hadley vs. Baxendate, 9 Exchq. Rep. 341 the general rule as to the character of damages, recoverable upon a breach of contract is stated thus : "When two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e. according to the usual course of things from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties

at the time they made the contract, as the probable result of the breach of it."

This rule has been generally adopted in America, and hes been repeatedly declared correct by the courts of this State. (Woods Mayne on damages, p. 18 ; Calvert vs. McFadden, 13 Tex. Rep. 324; De La Forda vs. Korn, 25 Tex. Sup. 188; W. & W. Con. Rep. § 193, 195, 801, 848, 1002, 1034, 1125, 1134, 1152.)

Do the damages claimed by appellant come within this settled roue ? We are of the opinion that they do not. Conceding every allegation in the petition to be true, we do not believe the plaintiff under the law entitled to recover such damages. It could not reasonable have entered into the contemplaion of the parties at the time the contract was made, that plaintiff would be unable to employ others to thresh his grain within such time as would prevent it being damaged by exposure. It might on the contrary reasonably be contemplated that he could either procure it to be threshed or could thresh it himself within a reasonable time after he ascertained that defendant would not thresh it. It was not a large crop, and it is quite reasonable to conclude that plaintiff might himself have threshed and saved it from damage. It could have been threshed without the aid of a threshing machine, in the way that grain was threshed before the invention of such machines. Plaintiff does not allege that he could not thus have threshed and saved it from damage.

It cannot be reasonably supposed to have entered into the contemplation of the parties that the grain would remain exposed to the weather from July until the latter part of September, without plaintiff's being able to thresh or have it threshed. It is not alleged in the petition at what particular time the damage complained of was occasioned within a short time after the breach of the contract, that is, before plaintiff had reasonable had an opportunity of having it threshed, we think he would be entitled to recover for such damages, and such damages might be supposed to have been in contemplation of the parties. Persons entering into contracts are presumed to do so with a knowledge of natural laws, and in a case like this, in contemplation of the probability that rains and storms will occur, which may injure grain exposed to it. But we think this must be limited to a reasonable time, and if the damage complained of was occasioned after the lapse of such reasonable time from the breach

of the contract, it could not be said to have been within the contemplation of the parties. What a reasonable time would be, would be a question of fact, to be determined by the circumstances of the case. We think the damages claimed, as alleged in the petition, are not recoverable and that the demurrer was properly sustained with respect to the same.

But unquestionably the petition showed a good cause of action for nominal damages. Wherever the breach of an agreement or the invasion of a right is established, the law infers some damages, and even if none be proved, will award a nominal or trifling sum. (Sedgwick on damages, 47; Woods Mayne on damages, § 6; 1 Green on evidence, § 254; Hope vs. Alley, 9 Texas, 395; Moore vs. Anderson, 30 Texas, 224,

But it is urged that notwithstanding the plaintiff was entitled to recover nominal damages, the court did not err in sustaining the demurrer to the entire petition, because the other damages claimed being such as were not legal and recoverable, could not be considered in determining the amount in controversy in the suit, and the court was without jurisdiction of the nominal damages and must therefore dismiss the suit. This position, we think, must be sustained. We find no case in our State deciding this question, but we find several cases in the reports of other States directly in point, which hold the proposition contended for by appellee to be the correct practice.

Hibbard vs. W. U. Tel. Co., 33 Wisc., 558.

Laubenheimer vs. Maun, 19 Wisc., 519.

Jones vs. King, 33 Wisc., 422.

Hudspeth vs. Allen, 26 Ind. 165, and several cases therein cited.

We are of the opinion that there is no error in the judgment and it is affirmed.

Opinion by Willson, Judge Court of Appeals.